IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTONIO BOYD** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 4:05CV152LS**

**CHRISTOPHER EPPS, LARRY GREER,**
**FAYE NOEL and WILLIE H. BOOKERT** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This case was brought by a prisoner in state custody to contest the conditions of his confinement, pursuant to 42 U.S.C. § 1983. The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 6th day of June, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney Leonard Vincent. During that hearing, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge, and this matter was referred to the undersigned by an Order entered by District Judge Tom S. Lee on June 8, 2006.

Boyd is proceeding in this matter as an indigent, pursuant to 28 U.S.C. § 1915. That provision permits an inmate to file a civil action without prepayment of fees; however, it also permits the court to review his case at any time to determine whether his complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief against a defendant who is immune. § 1915(e)(2)(B). Once the court has made such a filing, the case may be dismissed. After due consideration of the issues involved in this case and the Plaintiff's sworn testimony at the omnibus hearing, the court is of the opinion that this matter should be dismissed with prejudice, for failing to state a claim on which relief may be granted, for the reasons that are more fully explained below.

Boyd is incarcerated at the East Mississippi Correctional Facility, which is where the events at issue in this case took place. According to Boyd, after a murder there on August 7, 2005, the facility was placed on lockdown for four days. On August 11, all but twenty-five inmates were released from lockdown. Boyd was in the twenty-five who remained on lockdown for an additional nineteen days. He says they were held two to a cell, without showers, recreation, and religious services. Food was served to him in unsanitary conditions and polluted water covered the day room and cell floors. Boyd is a Muslim, and he alleges that he was unable to perform prayer or attend religious services.

At the omnibus hearing, Boyd admitted that water was on the floor in the lockdown area because some inmates broke windows and flooded the toilets after the other inmates were released from lockdown. He testified that guards came in with inmates from other units to push the water out of the common areas with brooms, although they did not enter the individual cells. However, resident inmates kept flooding the unit. The water contained urine and feces, and inmates in the lockdown unit were throwing it at the officers. After nineteen days, officials started moving disruptive inmates. He admitted that he would have been able to pray on his bunk and that religious services were continued after his release from lockdown.

Section 1983 prohibits the deprivation of constitutional rights under color of state law. As the United States Supreme Court has taught, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment applies to the State of Mississippi and its agencies by virtue of the Due Process Clause of the Fourteenth Amendment, and it prohibits the infliction of cruel and unusual punishment for crimes. *Wilson v. Seiter*, 501 U.S. 294, 296-97

2

(1991). The amendment's protection extends to prohibit deprivations that are not specifically a part of a prison sentence, but are suffered as the result of imprisonment, and it requires prison officials to provide humane conditions of confinement. *Id.* at 297, citing *Estelle v. Gamble*, 429 U.S. 97 (1976); *see also Farmer v. Brennan*, 511 U.S. 824, 832 (1994).

In most cases, when a complaint involves conditions that are an element of confinement, as opposed to those that are a part of punishment, an inquiry must be made into the state of mind of the defendant prison officials. *Seiter*, 501 U.S. at 300-02. For such a claim to be viable, the official must exhibit "deliberate indifference" to the welfare of the inmate. *Seiter*, 501 U.S. at 303. However, where the acts complained of occur in connection with a prison disturbance, this court must give heightened deference to the judgment of prison officials. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986). This deference will not insulate actions taken in bad faith or for no legitimate purpose from review, but "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury." *Id*. at 322.

In *Whitley*, the Court declined to impose liability for the shooting of inmate, which resulted in severe injury, that occurred during a prison uprising, even though the disturbance had quieted by the time of the shooting, and even though the inmate shot was not directly involved in the riot, but was trying to help the officers. The court held that the shooting was "part and parcel of a good-faith effort to restore prison security." *Id*. at 325-26. The court is of the opinion that the same result should be had in this matter. First, the lockdown was imposed following the murder of an inmate, a threat to the security of EMCF. Such a threat would come require this court to exercise *Whitley's* command to defer to the judgment of prison officials. Second, even construing all of Boyd's

allegations in the light most favorable to him, it is clear that the damages caused by the lockdown were minimal and cannot be construed as a wanton infliction of pain.

The lockdown was temporary for most inmates, who were released after four days, indicating that the purpose of the restrictions was to restore order, not to punish inmates unnecessarily. Boyd himself characterized the remaining inmates as "disruptive," and their conduct – throwing urine and feces at guards attempting to clean the common areas – supports that characterization. Boyd admits that guards made some effort to clean the unit in which he was housed, but that the inmates detained in that area continued efforts to create a problem by flooding the toilets. Finally, the time period during which Boyd was kept in those conditions (nineteen days) was not so lengthy, nor the loss in privileges so great, as to amount to the "unnecessary and wanton infliction of pain" that could be the basis of an Eighth Amendment claim. *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998), quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For all of these reasons, the court is of the opinion that Boyd has failed to state a claim on which relief can be granted, and his case should be dismissed with prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this matter be dismissed with prejudice. A separate judgment will be entered on this date in accordance with Fed. R. Civ. P. 58.

IT IS SO ORDERED AND ADJUDGED, this the 16th day of June, 2006.

                                                    S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE